IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00363-CV

 

Joel Withrow and Joel Withrow

d/b/a Howard Gin,

                                                                                    Appellants

 v.

 

Helena Chemical Company,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 75290

 



ABATEMENT ORDER FOR MEDIATION










 

            In their docketing statement filed
with this Court on October 23, 2008, appellants request that this appeal be
referred to mediation.

        The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR) procedures. 
See Tex. Civ. Prac. & Rem.
Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

        We find that this appeal is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

        The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this Order,
appellants are ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

        Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

        Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

        Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

        Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

        Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate this appeal for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Vance, and

        Justice
Reyna

Order
issued and filed November 5, 2008

Appeal
abated for mediation

Do
not publish